**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| HYUNDAI STEEL PIPE CO., LTD. and HYUNDAI STEEL COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 26-04742 |

**COMPLAINT**

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiffs, Hyundai Steel Pipe Co., Ltd. and Hyundai Steel Company (hereinafter, "Plaintiffs"), by and through its counsel, alleges and states as follows:

**JURISDICTION**

1. Plaintiffs bring this action pursuant to, and in accordance with, sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii)), contesting certain aspects of the final results of the 2023-2024 administrative review of the antidumping duty order on *Certain Oil Country Tubular Goods from the Republic of Korea*, Case No. A-580-870, issued by the U.S. Department of Commerce ("Commerce"), International Trade Administration, as it applies to Plaintiffs. *See Certain Oil Country Tubular Goods from the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2023-2024*, 91 Fed. Reg. 60,583 (Dep't Commerce Sept. 24, 2026) ("*Final Results*"), and accompanying unpublished Issues and Decision Memorandum (Dep't Commerce Sept. 14, 2026) ("*Final IDM*").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING

3. Plaintiffs are foreign producers and exporters of subject merchandise, oil country tubular goods from Korea, and therefore are interested parties within the meaning of 19 U.S.C. § 1677(9)(A). Plaintiffs requested an administrative review, but they were not selected for individual examination by Commerce and thus was subject to the "review-specific {antidumping duty} rate for non-examined companies" that Commerce assigned based on the average of the rates calculated for the two mandatory respondents. Plaintiffs have standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

4. The *Final Results*, which is being challenged herein, were published in the *Federal Register* on September 24, 2026. *See* 91 Fed. Reg. 60,583. On October 23, 2026, Plaintiffs timely filed a Summons initiating this action within thirty days of the publication of the *Final Results*, and Plaintiffs are timely filing the Complaint today within thirty days of the filing of the Summons (i.e., by the end of the next day that is not a weekend or legal holiday since the thirtieth day fell on a weekend). The filing of the Summons and Complaint thus are timely in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rules 3(a)(2) and 6(a) of the Rules of the U.S. Court of International Trade.

## STANDARD OF REVIEW

5. This Court reviews actions concerning determinations issued by Commerce brought under 19 U.S.C. § 1516a(a)(2) to determine whether they are "unsupported by

substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## PROCEDURAL HISTORY

6. On October 17, 2024, Commerce initiated the 10th administrative review of the antidumping duty order on oil country tubular goods ("OCTG") from the Republic of Korea. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 83,644, 83,647 (Dep't Commerce Oct. 17, 2024). Commerce's period of review ("POR") was September 1, 2023, through August 31, 2024. Commerce's initiation notice identified 18 producers and exporters of subject merchandise, including Plaintiffs.

7. On December 5, 2024, Commerce issued a memorandum stating that it had selected NEXTEEL Co., Ltd. ("NEXTEEL") and SeAH Steel Corporation ("SeAH") as the mandatory respondents for the 2023-2024 administrative review.

8. On March 9, 2026, Commerce issued its preliminary results of the 2023-2024 administrative review. *See Certain Oil Country Tubular Goods from the Republic of Korea: Preliminary Results of Antidumping Duty Administrative Review; 2023-2024*, 91 Fed. Reg. 12,575 (Dep't Commerce Mar. 16, 2026) ("*Preliminary Results*"), and accompanying unpublished Decision Memorandum for the Preliminary Results of the 2023-2024 Administrative Review (Dep't Commerce Mar. 9, 2026). In its *Preliminary Results*, Commerce calculated antidumping duty margins of 0.00 percent *ad valorem* for both NEXTEEL and SeAH. *Id.* at 12,576. As part of its *Preliminary Results*, Commerce assigned a preliminary antidumping duty rate of 1.18 percent *ad valorem* to Plaintiffs and 12 other non-examined companies. *Id.*

9. On June 11, 2026, Commerce issued a post-preliminary analysis memorandum in which it found the existence of a "particular market situation" ("PMS") in Korea and applied a

cost-based PMS adjustment in the calculation of the two mandatory respondent's weighted-average dumping margins. As a result, Commerce revised the estimated weighted-average dumping margins to 5.19 percent *ad valorem* for NEXTEEL, 2.80 percent *ad valorem* for SeAH, and a 4.00 percent *ad valorem* review-specific rate to non-examined companies, including Plaintiffs.

10. On September 14, 2026, Commerce issued its *Final Results* in which it continued to make a cost-based PMS adjustment and changed the source and methodology for calculating the mandatory respondents' constructed value ("CV") profit and selling expenses. *See Final Results*, 91 Fed. Reg. at 60,583; *Final IDM*, at pp. 4-24. As a result of its determinations, Commerce calculated final weighted-average dumping margins of 29.18 percent *ad valorem* for NEXTEEL and 9.80 percent *ad valorem* for SeAH, and it calculated and assigned a review-specific rate of 19.49 percent *ad valorem* to non-examined companies, including Plaintiffs, based on the average of the final rates calculated for the two mandatory respondents. *Id.; see also Certain Oil Country Tubular Goods from the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2023–2024; Correction*, 91 Fed. Reg. 73,528 (Dep't Commerce Nov. 16, 2026). The legal bases for Commerce's *Final Results* were set forth in its unpublished *Final IDM* dated September 14, 2026.

## ISSUES PRESENTED BY THE ACTION AND PLAINTIFFS' STATEMENT OF CLAIMS

11. In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's *Final Results* in its 2023-2024 antidumping duty administrative review were unsupported by substantial record evidence and/or were otherwise not in accordance with law.

## COUNT ONE

12. Paragraphs 1 through 11 are incorporated herein by reference.

13. The final review-specific average rate of 19.49 percent *ad valorem* that Commerce calculated for all non-examined companies subject to the review, including Plaintiffs, derived from the final weighted-average dumping duty margins that Commerce calculated for the two mandatory respondents in the 2023-2024 administrative review, i.e., NEXTEEL and SeAH. NEXTEEL and SeAH have filed a summons and complaint in separate appeals where they challenge various aspects of Commerce's calculation of their individual antidumping duty margins. *See* Court Nos. 26-04697 (NEXTEEL), 26-04717 (SeAH). These challenged aspects of Commerce's *Final Results* include:

(A) Commerce's finding that a particular market situation affecting the cost of hot-rolled coil in Korea existed during the POR was not in accordance with law because it failed to establish that the alleged distortion was "particular" to Korea as required by 19 C.F.R. § 351.416(e) and otherwise was not supported by substantial evidence on the record;

(B) Commerce's finding that a "particular market situation" existed in Korea due to the effect of allegedly low-priced imports of steel products from the People's Republic of China was unreasonable and not supported by substantial evidence on the record;

(C) Commerce's determination to adjust the costs of the two mandatory respondent companies based on its finding of a "particular market situation," and its specific selection of a U.S.-only benchmark using U.S. SteelBenchmarker hot-rolled band (HRB) pricing data to quantify those cost adjustments, was unreasonable, unsupported by substantial evidence on the record, and not in accordance with law; and

(D) Commerce's decision to calculate the selling-expense and profit figures used in the calculation of constructed value for SeAH Steel based solely on information in Tenaris S.A.'s fiscal year 2024 financial statements, while rejecting information from the financial statements of Alleima, Borusan Birleşik Boru Fabrikaları Sanayi ve Ticaret Anonim Şirketi, and Voestalpine AG, was unreasonable under 19 U.S.C. § 1677b(e)(2)(B)(iii), unsupported by substantial evidence on the record, and not in accordance with law.

14. Plaintiffs challenge these and all other aspects of Commerce's determination and resulting calculation adjustments for NEXTEEL and SeAH as these issues directly impacted the final antidumping duty rate applicable to Plaintiffs. In that regard, Plaintiffs concur with the complaints already filed by NEXTEEL and SeAH in their separate and respective appeals to this Court. Because Plaintiffs' antidumping duty margin was based, in part, on the final weighted-average dumping margin calculated for NEXTEEL and SeAH, Plaintiffs' final antidumping duty margin likewise is not supported by substantial evidence or otherwise in accordance with law.

15. Plaintiffs submit that all appeals arising out of Commerce's *Final Results* should be consolidated into a single action.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

16. For the reasons stated above, Plaintiffs respectfully requests that the Court:

(a) enter judgment in Plaintiffs' favor;

(b) declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

(c) remand these matters to Commerce for redetermination consistent with the Court's opinion, including a recalculation of Plaintiffs' antidumping duty margin; and

(d) provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jarrod M. Goldfeder
Jarrod M. Goldfeder
TRADE PACIFIC PLLC

700 Pennsylvania Avenue, SE, Suite 500
Washington, DC 20003
Tel: (202) 223-3760
Fax: (202) 223-3763
Email: jgoldfeder@tradepacificlaw.com

Dated: November 23, 2026

*Counsel to Plaintiffs*

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**Hyundai Steel Pipe Co., Ltd. and Hyundai Steel Company v. United States, Court No. 26-04742**

**Public Certificate of Service**

I hereby certify that on this 23rd day of November, 2026, copies of the foregoing Complaint are being served by certified mail, return receipt requested, on the following parties:

**On behalf of The United States of America:**

Derrick S. Gaiter, Esq.
U.S. DEPARTMENT OF JUSTICE
Commercial Litigation Branch - Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
(202) 598-3887
Email: derrick.s.gaiter@usdoj.gov

Paul H. Thornton, III, Esq.
U.S. DEPARTMENT OF COMMERCE
Office of Chief Counsel for Trade Enforcement and Compliance
1401 Constitution Avenue, NW.
Washington, DC 20230-0001
(202) 329-3409
Email: paul.thornton@trade.gov

**On other counsel that represented interested parties before the U.S. Department of Commerce in the contested determination:**

*Representative of Husteel Co., Ltd.*
Brady W. Mills, Esq.
TAFT STETTINIUS & HOLLISTER LLP
1333 New Hampshire Ave., NW
Suite 800
Washington, DC 20036

*Representative of United States Steel Tubular Products, Inc.*
Thomas M. Beline, Esq.
CASSIDY LEVY KENT (USA) LLP
2112 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037

*Representative of Axis Pipe and Tube, LLC; Borusan Pipe U.S., Inc.; Vallourec Star L.P.; and Welded Tube USA*
Roger B. Schagrin, Esq.
SCHAGRIN ASSOCIATES
900 7th St., NW, Suite 500
Washington, DC 20001

*Representative of SeAH Steel Corporation*
Jeffrey M. Winton, Esq.
WINTON & CHAPMAN PLLC
1100 13th St., NW
Suite 825
Washington, DC 20005

*Representative of Nexteel Co., Ltd.*
J. David Park, Esq.
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001

/s/ Jarrod M. Goldfeder
Jarrod M. Goldfeder
TRADE PACIFIC PLLC